IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

David Cortez Carson,                          )        C/A No. 8:15-cv-05074-JFA-JDA
                                              )
        Petitioner,                           )
                                              )
        v.                                    )        **REPORT AND RECOMMENDATION**
                                              )        **OF MAGISTRATE JUDGE**
Warden of Broad River Correctional            )
Institution,                                  )
                                              )
        Respondent.                           )
_____)

        This matter is before the Court on Respondent's motion for summary judgment.
[Doc. 12.]  Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28
U.S.C. § 2254.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule
73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for
relief and submit findings and recommendations to the District Court.

        Petitioner filed this Petition for writ of habeas corpus on December 21, 2015.[1]  [Doc.
1.]  On March 28, 2016, Respondent filed a motion for summary judgment and a return and
memorandum to the Petition.  [Docs. 12, 13.]  On the same day, the Court filed an Order
pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the
summary judgment procedure and of the possible consequences if he failed to adequately
respond to the motion.  [Doc. 14.]  Petitioner's response in opposition was entered on the
docket on May 31, 2016.  [Doc. 21.]  Respondent filed a reply on June 10, 2016.  [Doc. 23.]

_____

        [1]A prisoner's pleading is considered filed at the moment it is delivered to prison
authorities for forwarding to the court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988).
Accordingly, this action was filed on December 21, 2015.  [Doc. 1-2 (envelope stamped as
received by prison mailroom on December 21, 2015).]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted.

## **BACKGROUND**

Petitioner is presently confined in the South Carolina Department of Corrections at Broad River Correctional Institution pursuant to orders of commitment of the Spartanburg County Clerk of Court.  [Doc. 1 at 1.]  In July 2009, Petitioner was indicted for murder and accessory after the fact to a felony.  [App. 413–16.[2]]  On March 15, 2010, represented by Andrew Johnston, Petitioner proceeded to a jury trial.  [App. 1–340.]  On March 17, 2010, Petitioner was found guilty of murder.[3]  [App. 329.]  He received a sentence of thirty years imprisonment.  [App. 338.]

### Direct Appeal

Petitioner filed a notice of appeal. Elizabeth A. Franklin-Best of the South Carolina Commission on Indigent Defense filed a final brief on Petitioner's behalf in the South Carolina Court of Appeals, dated March 25, 2011, raising the following issue:

> Did the trial court judge err when he did not grant a mistrial when a state's witness interjected improper and inflammatory character evidence when she testified that appellant was violent and abusive, and when appellant did not place his character at issue?

---

[2]The Appendix can be found at Docket Entry Numbers 13-1 through 13-2.

[3]The accessory after the fact to a felony charge was nolle prossed.  [*See* App. 413.]

2

[Doc. 13-3 at 4.]  The South Carolina Court of Appeals affirmed the conviction in an opinion that was submitted on April 2, 2012, and filed on April 25, 2012.  [Doc. 13-5.]  Remittitur was issued on May 15, 2012.  [Doc. 13-6.]

**PCR Proceedings**

Petitioner, proceeding pro se, filed an application for post-conviction relief ("PCR") on November 28, 2012.  [App. 341–48.]  Petitioner alleged he was being held in custody unlawfully based on the following grounds:

> (a)    Ineffective assistance of counsel

> (b)    Ineffective assistance of appellate counsel

[App. 343.]  In support of his grounds, Petitioner alleged the following issues, quoted substantially verbatim:

> • I was denied the right to effective assistance of "Appellate Counsel," guaranteed by the Six and Fourteenth Amendments to the United States Constitution - see - Evitts vs Lucey 105 S.Ct. 830 (1985).

> • "Appellate Counsel" failed to raise an issue that was preserved concerning a denial of a "Directed Verdict" for "murder in count one of the indictment.

> • I was denied the right to effective assistance of "Defense Counsel," guaranteed by the Six and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the South Carolina Constitution - see - Strickland vs Washington 466 U.S. 668 (1984).

> • "Defense Counsel" failed to make a motion and to show prejudice before trial began, concerning a misjoinder of offenses and defendants for trial.  To ask the court to "Elec. on the offenses or to "Sever" the defendants for separate trial.

3

- "Defense Counsel" failed to object to the jury instruction concerning the "hand of one, hand of all theory."

- "Defense Counsel" failed to object to the jury instruction, in which the judge ask the jury to choose between which of the offenses in my indictment, that they believed I was guilty of.

[*Id.* at 344.]  The State filed a return, dated October 3, 2013.  [App. 349–54.]

A hearing was held on April 10, 2014, and Petitioner was represented at the hearing by Leah B. Moody.  [App. 355–405.]  On July 28, 2014, the PCR court filed an order denying and dismissing the PCR application with prejudice.  [App. 406–12.]

Wanda H. Carter of the South Carolina Commission on Indigent Defense filed a petition for writ of certiorari on Petitioner's behalf in the Supreme Court of South Carolina, dated December 11, 2014.  [Doc. 13-7.]  The petition asserted the following as the issues presented:

1) Trial counsel erred in failing to request that the solicitor elect which charge to pursue (murder or accessory after the fact of murder) against petitioner, or in the alternate to sever petitioner's case from the co-defendant's case, because the witnesses' testimony connected petitioner to the accessory charge and co-defendant Jones to the murder charges, which in turn meant that the improper joinder of the cases and charges prejudiced petitioner by bootstrapping him to the co-defendant's murder charge.

2) Trial counsel erred in failing to object to the "hand of one is the hand of all" charge because the record was devoid of any evidence linking petitioner to the murder, which the co-defendant admitted he alone committed, via accomplice liability.

[*Id.* at 3.]  The court denied the petition on August 6, 2015 [Doc. 13-9] and remitted the matter to the lower court on August 24, 2015 [Doc. 13-10].

4

**Petition for Writ of Habeas Corpus**

Petitioner filed this Petition for writ of habeas corpus on December 21, 2015. [Doc. 1.] Petitioner raises the following grounds for relief, quoted substantially verbatim, in his Petition pursuant to 28 U.S.C. § 2254:

> **GROUND ONE:** Ineffective Assistance of Counsel
>
> *Supporting facts*: Failure to object to the jury instruction concerning the "hand of one, hand of all."
>
> **GROUND TWO:** Ineffective Assistance of Counsel
>
> *Supporting facts*: Failure to make a motion and to show prejudice before trial beg[a]n, concerning a misjoinder of offense and defendants for trial. To ask the court to "Elec" on the offenses or to "Sever" the defendants for trial.

[Doc. 1 at 5–7.] As stated, on March 28, 2016, Respondent filed a motion for summary judgment. [Doc. 12.] On May 31, 2016, Petitioner filed a response in opposition [Doc. 21], and on June 10, 2016, Respondent filed a reply [Doc. 23]. Accordingly, the motion for summary judgment is ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition is still subject to summary

5

dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must

6

demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

7

**Habeas Corpus**

> ***Generally***

Because Petitioner filed the Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,* 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

8

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### *Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)    (I) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. *Id.* § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the Supreme Court of South Carolina. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[4] Further, strict time deadlines govern direct appeal and the filing

---

[4]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant

of a PCR application in the South Carolina courts.  For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment.  S.C. App. Ct. R. 203(b)(2), (d)(1)(B).  A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.  *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).  Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the Supreme Court of South Carolina through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts.  In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition.  *See Smith v. Murray*, 477 U.S. 527, 533 (1986).  The United States Supreme

---

to Rule 59(e) as a procedural bar.  589 F.3d at 162–65.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477

U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the Supreme Court of South Carolina in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However,

13

if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

## DISCUSSION

Under the AEDPA, a federal court may not grant habeas relief unless the underlying state court decision was contrary to or an unreasonable application of federal law, as determined by the United States Supreme Court, 28 U.S.C. § 2254(d)(1), or based on an unreasonable determination of the facts before the court, *id.* § 2254(d)(2). The Supreme Court has held the "contrary to" and "unreasonable application of" clauses present two different avenues for relief. *Williams*, 529 U.S. at 405 ("The Court of Appeals for the Fourth Circuit properly accorded both the 'contrary to' and 'unreasonable application' clauses independent meaning."). The Court stated there are two instances when a state court decision will be contrary to Supreme Court precedent:

> A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . . A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

*Id.* at 405–06. On the other hand, a state court decision is an unreasonable application of Supreme Court precedent when the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407–08; *see also Richter*, 562 U.S. at 102 ("Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's

14

decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court. . . . It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."). Finally, a decision cannot be contrary to or an unreasonable application of Supreme Court precedent unless applicable Supreme Court precedent exists; without applicable Supreme Court precedent, there is no habeas relief for petitioners. *Virsnieks v. Smith*, 521 F.3d 707, 716 (7th Cir. 2008) (citing *Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006); *Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir. 2006)); *see Bustos v. White*, 521 F.3d 321, 325 (4th Cir. 2008).

**Ground One**

In Ground One, Petitioner argues trial counsel was ineffective for failing to object to the jury instruction concerning the "hand of one, hand of all." [Doc. 1 at 5.]

When evaluating a habeas petition based on a claim of ineffective assistance of counsel, assuming the state court applied the correct legal standard—the Supreme Court's holdings in *Strickland v. Washington*, 466 U.S. 668 (1984)—"[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard."[5]  *Richter*, 562 U.S. at 101.  "A state court must be granted a deference and

---

[5]In *Strickland v. Washington*, the United States Supreme Court established that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. 466 U.S. 668, 687 (1984).  To satisfy the first prong, a prisoner must show that "counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688. To satisfy the second prong, a prisoner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 692.  The Court cautioned that "[j]udicial scrutiny of counsel's performance

latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.*; *see also Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (stating judicial review of counsel's performance is "doubly deferential when it is conducted through the lens of federal habeas"). Even if a state court decision questionably constitutes an unreasonable application of federal law, the "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, in such situations, the habeas court must determine whether it is possible for fairminded jurists to disagree that the arguments or theories supporting the state court's decision are inconsistent with Supreme Court precedent. *Id.*

Here, the PCR court addressed trial counsel's performance under the standard set forth in *Strickland.* [App. 407–11.] The PCR court found,

> This Court finds that the Applicant has failed to meet his burden of proof as to this claim. Counsel's testimony was more credible than Applicant's testimony. Our courts are understandably wary of second-guessing defense counsel's trial tactics. Where counsel articulates valid reasons for employing a certain strategy, counsel's choice of tactics will not be deemed ineffective. Whitehead v. State, 308 S.C. 119, 417 S.E.2d 530 (1992). *See also* Dempsey v. State, 363 S.C. 365, 610 S.E.2d 812 (2005) *and* McLaughlin v. State, 352 S.C. 476, 575 S.E.2d 841 (2003). Counsel articulated valid strategic reasons for not making a motion to sever the trials and proceeding with the strategy that Applicant was only guilty of accessory after the fact. The Applicant has not shown that Counsel was deficient in that choice of tactics. This Court finds

---

must be highly deferential," and "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

> that Counsel reviewed materials with the Applicant and discussed both trial strategy and possible defenses. This Court finds no merit to the claims that Counsel was ineffective for failing to object to the jury charges, properly argue the directed verdict motion, or file a motion for a new trial. As Counsel testified, this Court also finds that there was no legal basis for these objections or motions. Therefore, the Applicant has failed to establish any deficient behavior on Counsel's behalf. Because the Applicant has failed to meet the first prong of establishing ineffective assistance of counsel, this claim is denied and dismissed.

[App. 410–11.]

The PCR court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent. Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent. Thus, the Court concludes the PCR court's decision was not contrary to or an unreasonable application of applicable Supreme Court precedent.

Further, the record supports the PCR court's decision, which demonstrates the PCR court's decision was not an unreasonable application of *Strickland*. The jury was instructed,

> Being two defendants in this case, ladies and gentlemen, I will tell you that it is the law of South Carolina that if a crime is committed by two or more persons who are acting together in the commission of the offense that the act of one of them is the act of both of them. By way of illustration, I would tell you that two people, two people can be guilty of the crime of burglary if one goes into the business or residence and one stays outside as a lookout in the car, never goes inside, they

17

can both be charged and they can both be found guilty of that, that same offense.

If both are together, acting together, assisting each other in the commission of the offense, the law says that, under those circumstances, that the act of one of them is the act of both of them. The law calls that the hand of one is the hand of both of them.

I would tell you, of course, that if a defendant was only present at the scene where a crime occurred, and had no intent to aid or to assist in the commission of the crime, that mere presence at the scene of that crime would not constitute guilt. And, again, the burden is upon the State to establish, beyond a reasonable doubt, that each defendant was present and that each defendant was there with a criminal intent. That is to say, with the intent to aid, encourage, assist another, or others in committing the crime charged. I would tell you that mere presence at the scene of the crime is certainly not sufficient to prove someone guilty of a crime. The State, again, must prove each defendant was present aiding, abetting, assisting, or encouraging the commission of a crime, of the crime charged.

So, if, after reviewing all of the evidence, you conclude that either or both defendants was only present at the scene of the crime and the State has failed to prove, beyond a reasonable doubt, any other participation in the crimes, then you must find the defendants not guilty. The proof is that proof of mere presence, mere presence at the scene of the crime is not sufficient to find a defendant guilty.

If you conclude that a defendant was not present or was merely present where the crime occurred, and did not aid, abet, assist, or encourage the commission of the crime, your verdict must be not guilty. However, if the State is satisfied you, beyond a reasonable doubt, that the defendant, either or both of them, were present and did aid, abet, assist, or encourage the commission of, of the crime charged, then you must decide if the State has proved, beyond a reasonable doubt, that the crime charged has been proved.

[App. 316–18.] "Under the 'hand of one is the hand of all theory,' one who joins another

to accomplish an illegal purpose is liable criminally for everything done by his confederate

18

incidental to the execution of the common design and purpose." *State v. Condrey*, 562 S.E.2d 320, 324 (S.C. Ct. App. 2002) (citing *State v. Langley*, 515 S.E.2d 98 (S.C. 1999)). "If there is any evidence to support a jury charge, the trial judge should grant the request." *State v. Brown*, 607 S.E.2d 93, 95 (S.C. Ct. App. 2004).

At trial, before the jury was charged, trial counsel moved for a directed verdict of not guilty on the murder charge, arguing there was no evidence Petitioner acted in concert with anyone who might have killed the decedent and there was no evidence that Petitioner actually performed any act that led to the decedent's death. [App. 272–73.] The trial court denied the motion, ruling "there is certainly sufficient evidence to submit the issue to the jury." [App. 275.] At the PCR hearing, trial counsel testified as to why he did not object to the hand of one, hand of all jury instruction:

> There was no direct evidence of it. The case, again, was circumstantial. The case -- they had one or perhaps more than one witness who said that [Petitioner] and Mr. Jones were the last people seen with the decedent, and that there was evidence that the decedent had had a large sum of money.
>
> And of course in this case I don't think it's been mentioned so far -- I don't know whether it has or not -- but there was no body found. So this was a real, real circumstantial case obviously because of that.
>
> But there was circumstantial evidence in the state's theory for the charge of murder, was as far as [Petitioner] that he was the last seen with the decedent and that Mr. Jones was with him and that Mr. Jones had said he had killed the decedent.
>
> So I suppose I could have objected to that. But I don't -- in a circumstantial case as long as there's some facts that are in question that a jury could look at one way or the other, whether or not one person killed the decedent or more than one killed the decedent, I think the charge was not particularly objectionable.

> I mean, it is -- it would have been a correct statement of
> the law.  The only objection I can think of it that I may have --
> that I could have said that there was no evidence that
> [Petitioner] acted in concert.  Of course I'd already made the
> motion that there was no evidence [Petitioner] had done
> anything by himself or with anyone.

[App. 393–94.]  The record establishes the trial court determined there was sufficient

evidence to support the charge; thus, trial counsel was not ineffective for failing to object

to the charge.  Therefore, Petitioner has not established that the PCR court's decision was

contrary to or an unreasonable application of applicable Supreme Court precedent, and

Petitioner is not entitled to habeas corpus relief based on this ground.

**Ground Two**

In Ground Two, Petitioner argues trial counsel was ineffective for failing to move or

show prejudice before trial concerning a misjoinder of offense and defendants for trial.

[Doc. 1 at 6–7.]

As stated, the PCR court addressed trial counsel's performance under the standard

set forth in *Strickland*.  [App. 407–11.]  The PCR court found,

> This Court finds that the Applicant has failed to meet his
> burden of proof as to this claim.  Counsel's testimony was
> more credible than Applicant's testimony.  Our courts are
> understandably wary of second-guessing defense counsel's
> trial tactics.  Where counsel articulates valid reasons for
> employing a certain strategy, counsel's choice of tactics will not
> be deemed ineffective. Whitehead v. State, 308 S.C. 119, 417
> S.E.2d 530 (1992).  *See also* Dempsey v. State, 363 S.C. 365,
> 610 S.E.2d 812 (2005) *and* McLaughlin v. State, 352 S.C. 476,
> 575 S.E.2d 841 (2003).  Counsel articulated valid strategic
> reasons for not making a motion to sever the trials and
> proceeding with the strategy that Applicant was only guilty of
> accessory after the fact.  The Applicant has not shown that
> Counsel was deficient in that choice of tactics.  This Court finds
> that Counsel reviewed materials with the Applicant and
> discussed both trial strategy and possible defenses.  This

20

> Court finds no merit to the claims that Counsel was ineffective for failing to object to the jury charges, properly argue the directed verdict motion, or file a motion for a new trial. As Counsel testified, this Court also finds that there was no legal basis for these objections or motions. Therefore, the Applicant has failed to establish any deficient behavior on Counsel's behalf. Because the Applicant has failed to meet the first prong of establishing ineffective assistance of counsel, this claim is denied and dismissed.

[App. 410–11.]

The PCR court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent. Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent. Thus, the Court concludes the PCR court's decision was not contrary to or an unreasonable application of applicable Supreme Court precedent.

Further, the record supports the PCR court's decision, which demonstrates the PCR court's decision was not an unreasonable application of *Strickland*. At the PCR hearing, trial counsel testified as follows:

> What I think the better part, the better thing, to do was a joint trial with Jones' admissions coming in saying – too we had – or the state had two people, wherein Jones told them I killed the guy and mentioned again nothing about involvement from [Petitioner].

> They had no direct evidence that [Petitioner] had anything to do with the mechanism of death. Their evidence was all about – as far as directly was concerned – was direct evidence of him being an accessory. They had only

21

circumstantial evidence of him being – or him being guilty of murder.

*** 

To tell the jury, "Ladies and gentleman of the jury, he's guilty of acccessory.  He's not guilty of murder."

I thought that was the best play and still think that's the best play with the situation that I had at the time.

[App. 387–89.]  Courts are instructed not to second guess an attorney's trial strategy and tactics.  *Stamper v. Muncie*, 944 F.2d 170 (4th Cir. 1991).  Trial counsel testified to his reasons for this trial strategy, the PCR court found trial counsel's testimony was credible, and that determination is entitled to deference.  *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)) (holding that for a federal habeas court to overturn a state court's credibility judgment, the state court's error must be stark and clear); *see also Marshall v. Lonberger*, 459 U.S. 422, 434 (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them.").  Moreover, Petitioner has presented no evidence to support his speculation that the trial court would have granted a motion to sever.  Nor has Petitioner established prejudice.  The trial court specifically instructed the jury that each co-defendant's case must be considered separately and individually.  [App. 316]; *see State v. Dennis*, 523 S.E.2d 173, 176 (S.C. 1999) (finding a trial judge did not abuse his discretion by denying a motion to sever and noting the judge gave a cautionary instruction).  Accordingly, Petitioner has not established that the PCR court's decision was contrary to or an unreasonable application of applicable Supreme Court precedent, and Petitioner is not entitled to habeas corpus relief based on this ground.

**<u>CONCLUSION AND RECOMMENDATION</u>**

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

<u>s/Jacquelyn D. Austin</u>
United States Magistrate Judge

September 28, 2016
Greenville, South Carolina