IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| David Cortez Carson., #250533,<br><br>    Petitioner,<br><br>v.<br><br>Warden of Broad River Correctional Institution,<br><br>    Respondent. | C/A No. 8:15-5074-JFA-JDA<br><br><br>**ORDER** |

## I. INTRODUCTION

David Cortez Carson ("Petitioner" or "Carson"), a prisoner proceeding pro se, filed a petition for writ of habeas corpus seeking relief under 28 U.S.C.§ 2254. Carson alleged that his constitutional rights have been violated based on multiple instances of ineffective assistance of counsel during his trial for murder. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to the Magistrate Judge.

The Respondent filed a motion for summary judgment on March 28, 2016. (ECF No. 12). Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), this Court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to adequately respond to the Respondent's motion. (ECF No. 14). Petitioner filed a timely response on May 31, 2016. (ECF No. 21). The Respondent filed a reply in opposition to Petitioner's responses on June 10, 2016. (ECF No. 23).

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should grant the Defendant's motion for summary Judgment and dismiss the petition. (ECF No. 24). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Plaintiff was advised of his right to object to the Report, which was entered on the docket on September 28, 2016.  Petitioner filed objections to the Report on November 14, 2016, (ECF No. 30), and Defendants filed a response on December 1, 2016. (ECF No. 32).  Thus, this matter is ripe for the Court's review.

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b)(1).  However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b)(1).

## II.     Discussion

Within his petition for writ of habeas corpus, Carson sets forth two grounds for relief. Both grounds are based on an ineffective assistance of counsel argument. The Report thoroughly outlines the applicable legal standards and properly analyzes the claims for relief before concluding that summary judgment should be granted and the petition should be dismissed. (ECF No. 24). Carson has submitted two specific objections to the Report. (ECF No. 30). However, each objection is merely a recitation of the two claims for relief and both fail to elucidate any error with the Report.

In his first objection, Carson states that the Magistrate Judge erred in dismissing his first claim for ineffective assistance of counsel because "Trial counsels error in failing to object to the accomplice liability charge constituted deficient representation." (ECF No 30 p. 2). This objection refers to Carson's argument that he was deprived of his constitutional right to effective assistance of counsel because his trial counsel failed to object to a jury charge for accomplice liability. (ECF No. 24 p. 15). However, the Report correctly states that the South Carolina state courts did not err in applying the legal standard for ineffective assistance of counsel as set out in *Strickland v. Washington*, 466 U.S. 668 (1984). The record clearly indicates that Post Conviction Relief ("PCR") court addressed trial counsel's performance and concluded that there was "no merit to the claims that Counsel was ineffective for failing to object to the jury charges . . . [and] there was no legal basis for these objections or motions." (ECF No. 24 p. 16). Therefore, Cason's objection is without merit.

In his second objection, Carson alleges that "[l]istening to what the defense counsel said at the PCR hearing show that his decision to have me in a joint trial with a co-defendant prejudiced me from the beginning of my trial." (ECF No. 30 p. 3) (errors in original). This objection refers to

Carson's claim that his trial counsel was ineffective for failing to move or show prejudice before trial concerning a misjoinder of offenses and defendants for trial. (ECF No. 24 p. 20). Again, the Report clearly shows that the PCR court correctly applied the standards set forth in *Strickland* when it concluded that "Counsel articulated valid strategic reasons for not making a motion to sever the trials." *Id.* Additionally, the record shows that "Counsel reviewed materials with [Carson] and discussed both trial strategy and possible defenses." *Id.* Therefore, Carson's second objection is similarly without merit.

### III.   Conclusion

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court **ADOPTS** the Report and Recommendation (ECF No. 24), **GRANTS** the Respondent's motion for summary judgment (ECF No. 12), and denies Carson's petition.

Further, because Petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

December 15, 2016  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the defendant has failed to make "a substantial showing of the denial of a constitutional right."

4